## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Aspen American Insurance Company, | |
| Plaintiff, | Nos. 22 CV 05661 |
| v. | Honorable Nancy L. Maldonado |
| Joanna Mirov, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion by Plaintiff Aspen American Insurance Company ("Aspen") to remand this case to the Circuit Court of Cook County, Illinois. (Dkt. 11.)[1] Also pending is a motion by Defendants Joanna Sobran a/k/a Joanna Mirov ("Mirov"), 7 South Aberdeen Street Condominium Association, Inc. ("Aberdeen"), and Stephen Hamilton (collectively, the "Association Defendants") to dismiss Aspen's complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Dkt. 19.) For the reasons stated in this opinion, Aspen's motion to remand is granted, and the Association Defendants' motion to dismiss is denied as moot. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County forthwith. Plaintiff is awarded its costs and reasonable attorney fees related to the removal and remand of this case. If the parties cannot agree as to an appropriate amount, Plaintiff must timely file a motion for costs and attorney fees in accordance with Local Rule 54.3. See N.D. Ill. Loc. R. 54.3. Civil Case terminated.

---

[1] Referenced page numbers are taken from the CM/ECF header.

1

## Background

Aspen initiated this declaratory judgment action on February 22, 2022, in the Chancery Division of the Circuit Court of Cook County, Illinois, Case No. 2022 CH 01466. (Dkt. 1-1.) In addition to naming the Association Defendants, Aspen's state court complaint names as defendants Samuel P. Richey, 1063 Madison, LLC ("Madison"), Barrington Partners, L.L.C. d/b/a Forth Group ("Barrington"), Forth Group Realty LLC ("Forth Group"), and Broad Shoulders Management, Inc. ("Broad Shoulders"). *Id.* Aspen issued several insurance policies to Aberdeen, including a general commercial liability policy, and it seeks a declaration that it has no obligation to defend or indemnify Aberdeen, or any of the other defendants, with respect to a separate underlying lawsuit currently pending in the Law Division of the Circuit Court of Cook County, Case No. 2021-L-001464 (the "Underlying Lawsuit"). *Id.* ¶¶ 1, 15.[2]

On October 14, 2022, Defendant Mirov filed a notice of removal pursuant to 28 U.S.C. § 1446(a) and (b) seeking to remove Aspen's declaratory judgment action from the Circuit Court of Cook County to this Court. (Dkt. 1.) At the time of removal, the Association Defendants had all filed responsive pleadings in the state court action. *Id.* at 2-3. Mirov and Aberdeen's responsive pleadings include several counterclaims alleging that Aspen breached a duty to defend, and both defendants seek a declaratory judgment that Aspen had a duty to defend them in the Underlying Lawsuit. *Id.* The notice of removal indicates that Aberdeen, Hamilton, and Madison consent to the removal of the action, but it does not indicate whether the other defendants consent. *Id.* Instead, Mirov asserts in the notice of removal that the consent of Barrington, Forth, and Broad Shoulders

---

[2] The Underlying Lawsuit was initiated by Defendant Madison against the Association Defendants and Richey alleging multiple counts for breach of contract and negligence based on alleged violations of Aberdeen's controlling condominium declarations. (Dkt. 1 ¶¶ 21-23). The Association Defendants and Richey proceeded to file a third-party complaint in the Underlying Lawsuit naming Barrington Partners, Forth Group, and Broad Shoulders, alleging claims for breach of contract, breach of fiduciary duty, and negligence based on the latter parties' alleged failure to perform their respective duties to Aberdeen. *Id.* ¶¶ 25-27.

is not required, because Aspen fraudulently joined them in the state court action. *Id.* at 5-7.[3]

On November 14, 2022, Aspen timely filed a motion to remand pursuant to 28 U.S.C. §1447(c). (Dkt. 11). The Association Defendants filed an opposition to the motion to remand on December 14, 2022. The other defendants—Richey, Madison, Barrington, Forth Group, and Broad Shoulders—did not file any formal opposition. On the same day, the Association Defendants also filed a motion to dismiss Aspen's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), arguing that Aspen is not a legal entity with the capacity to sue or be sued. Fed. R. Civ. P. 12(b)(1); (Dkt. 19). In this order, the Court rules on both motions.

## Discussion

### A. The Association Defendants' Motion to Dismiss.

As a threshold matter, the Association Defendants' motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is moot as they have abandoned their legal argument. In their opening motion, the Association Defendants argued that, by all indications, Plaintiff "Aspen American Insurance Company" is not a legal entity with the capacity to sue, and therefore it lacked Article III standing to pursue its claim for declaratory judgment. (Dkt. 20 at 1.) The Association Defendants further claimed that Aspen had failed to respond to multiple requests to produce documents, including articles of organization and corporate registration documents, confirming its status as a legal entity. *Id.* In its response, Aspen cites to a number of publicly available online documents from multiple state regulatory agencies suggesting that, in fact, "Aspen American Insurance Company" is a legally recognized insurer organized under the laws of Texas and authorized to sell insurance in several states. (Dkt. 26 at 2-3.) Aspen also attaches several

---

[3] In its motion to remand, Aspen indicates that its counsel communicated with counsel for Defendants Barrington, Forth Group, and Broad Shoulders, and was advised that those parties did not consent to removal. (Dkt. 11 at 3.) Defendant Richey had not been served at the time of removal and has not appeared in this case.

documents that appear to have been acquired from the Texas Department of Insurance, including what appears to be its articles of incorporation. (Dkt. 27.) Aspen's response further indicates that its counsel communicated with the Association Defendants' counsel prior to the filing of the motion to dismiss, and that Aspen's counsel provided records from the Illinois Department of Insurance and pointed defense counsel to the documents publicly available online demonstrating its existence. *Id.* 4-5.

The Association Defendants proceeded to file their reply brief on January 18, 2023. (Dkt. 28.) Rather than advance any further arguments about Aspen's legal status, they instead spend their three-page brief focusing on Aspen's alleged delays and "gamesmanship" in failing to produce the documents that the Association Defendant's had requested. *Id.* at 1-3. While the Association Defendants stop short of expressly conceding Aspen's legal status, they implicitly do by retreating to their good faith and "factually well-grounded" "belief" that Aspen was not a legal entity. *Id.* at 2-3.

The Court need not get bogged down in the parties' dispute over the exchange of documents or the question of whether the Association Defendants' motion was not frivolous and made in good faith.[4] Based on the Association Defendants' failure in their reply brief to respond to Aspen's evidence and arguments regarding its legal status, they have abandoned their motion and conceded that Aspen has provided adequate proof that it is the appropriate legal entity to be

---

[4] The Court notes its concerns about the basis of the Association Defendants' motion, and whether its filing implicates Federal Rule of Civil Procedure Rule 11, given the apparent wealth of publicly available information demonstrating Aspen's legal status. Regardless of whether Aspen was derelict in producing particular requested documents, if the Association Defendants and their counsel were aware there were other readily available public sources evidencing Aspen's legal existence, it would not have been appropriate to bring what could be considered a frivolous motion. Given the Court's resolution of the issues before it, it need not make any determination on that issue, nor need it address Aspen's request in its response to the motion to dismiss for leave to file a Rule 11 motion for sanctions. The Court finds it appropriate, however, to caution defense counsel to take his Rule 11 obligations seriously in the future in this Court, and to resist the urge to file motions that a little time and further investigation might reveal are unwarranted.

4

named in this suit. *See In re LaMont*, 740 F.3d 397, 410 (7th Cir. 2014) (failure to respond to an argument results in waiver); *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) (failure to respond to an argument in a reply brief constitutes waiver). The dispute has therefore been mooted, and the Association Defendants' motion to dismiss is denied.[5]

### B. Aspen's Motion to Remand

Removal of state court actions to federal court is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action. *Fongers v. CareerBuilder*, LLC, 19-CV-7966, 2020 WL 12630537, at *2 (N.D. Ill. Oct. 21, 2020). The party seeking removal generally bears the burden of proving that the removal was proper. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) (citation omitted). Further, the Seventh Circuit has cautioned that "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum" and that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied–Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993); *see also Bourda v. Caliber Auto Transfer of St. Louis, Inc.,* Civil No. 09–519, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009) ("there is a strong presumption in favor of remand.") (citation omitted).

---

[5] Given this ruling, the Court need not address the procedural oddities implicated by the Association Defendants' motion. For example, the Association Defendants purported to raise a subject-matter jurisdiction argument when it is they, as the parties seeking removal, who bear the burden of establishing this Court's jurisdiction, not Aspen. *See Collier v. SP Plus Corp*., 889 F.3d 894, 896 (7th Cir. 2018). It suffices to say that the Court doubts the propriety of the Association Defendants' tactics in removing this case, seeking dismissal of Aspen's claims based on a lack of subject matter jurisdiction, and then arguing the Court should keep jurisdiction over their counterclaims. In any event, the remand to state court obviates the need to resolve these procedural questions.

Here, Defendant Mirov removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming that the matter in controversy exceeds $75,000 and the matter is between citizens of different states. The notice represents that Aspen is a citizen of Texas, and that all other defendants from the state court action are citizens of Illinois. (Dkt. 1 at 4-5.)[6] In its motion to remand, Aspen states that there is no dispute that complete diversity exists between Aspen as a citizen of Texas (and New Jersey) on the one side, and all the defendants as citizens of Illinois on the other. (Dkt. 11 at 2.) However, Aspen maintains that removal is improper under the forum defendant rule, which limits the removability of diversity cases where a defendant is a citizen of the forum state.

Under 28 U.S.C. § 1441(b), an action "otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This means that a defendant may not remove a case from Illinois state court to this District Court on the basis of diversity jurisdiction if any of the parties "properly joined and served as defendants" are citizens of Illinois. This additional statutory requirement for removal, known as the forum defendant rule, is "designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley v. Motor Coach Industries, Inc*., 222 F.3d 377, 380 (7th Cir. 2000); *Morris*, 718 F. 3d at 665 ( "In other words, the forum defendant rule disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants

---

[6] Specifically, Aberdeen is an Illinois corporation with its principal place of business in Illinois; Hamilton, Mirov, and Richey are natural persons domiciled in Illinois; Madison is a limited liability company whose sole member is domiciled in Illinois; Barrington is a limited liability company whose sole member is Defendant Forth Group, a limited liability company whose sole member is domiciled in Illinois; and Broad Shoulders is an Illinois corporation with its principal place of business in Illinois. *Id.*

against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state.").

Aspen points out that the notice of removal expressly concedes that all defendants are citizens of Illinois, and it argues that this concession ends the Court's inquiry. In other words, Aspen maintains that the case is not removable under the forum defendant rule, because the defendants are all citizens of Illinois, the state in which the action was brought. (Dkt. 11 at 2-3.)

In apparent anticipation of the forum defendant rule issue, Defendant Mirov argues in the notice of removal that the citizenship (and lack of consent) of Defendants Barrington, Forth, and Broad Shoulders can be disregarded for the purposes of the forum defendant rule because they were fraudulently joined. (Dkt. 1 at 5-6.) In short, Mirov argues that there is no possibility of coverage for any of these three entities under any of the Aspen policies for any of the claims in the Underlying Lawsuit, and that their only involvement is by virtue of the Association Defendants' counterclaims in the Underlying Lawsuit. *Id.* Mirov thus argues they were fraudulently joined here and can be disregarded. *Id.* Regarding the remaining defendants, the Association Defendants and Madison, Mirov argues that they should all be realigned as plaintiffs, with Aspen as the sole defendant. *Id.* at 6-9. With a realignment of all the Illinois citizen parties as plaintiffs, and disregarding the citizenship of supposedly fraudulently joined parties, Mirov maintains that there would still be complete diversity and the forum defendant rule problem would be resolved, thus allowing the case to remain in this Court. *Id.* The Association Defendants repeat these arguments in their response to the motion to remand: they maintain there is no justiciable controversy between Aspen and Defendants Barrington, Forth, and Broad Shoulders and therefore those defendants should be disregarded for purposes of the forum defendant rule as fraudulently joined, and they further argue that normal principals of alignment in insurance declaratory judgment actions

7

support aligning the remaining defendants as plaintiffs and Aspen as the defendant. (Dkt. 21 at 4-5, 10-11.)

The Court first notes that the doctrine of fraudulent joinder normally arises when there is a claim that a plaintiff has added a *non-diverse* defendant in an attempt to defeat federal diversity jurisdiction. *See generally Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) ("Under the fraudulent joinder doctrine . . . an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'") (citation omitted) But here, the issue is not the supposed fraudulent addition of a non-diverse defendant—all the defendants are diverse to Aspen—but rather the joinder of a diverse defendant that would trigger the forum defendant rule. In *Morris*, the Seventh Circuit declined to expressly resolve the question of whether the fraudulent joinder doctrine is applicable to the forum defendant rule, although it did outline several factors that are "relevant in considering whether to extend the doctrine." *Id*. Those factors include "'threat of local bias,' the risks of forum shopping, the Supreme Court's command that removal statutes be narrowly construed, and the risk of unduly expanding federal removal jurisdiction." *See Clesceri v. Natl. Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 20-CV-01530, 2021 WL 9385680, at *3 (N.D. Ill. Mar. 1, 2021) (citation omitted). Applying these factors, some district courts have applied the fraudulent joinder doctrine to the forum defendant rule and denied motions to remand where the resident defendant was fraudulently joined. *See, e.g., Bahalim v. Ferring Pharm., Inc*., 16 C 8335, 2017 WL 118418, at *5 (N.D. Ill. Jan. 12, 2017) (finding removal was appropriate in spite of potential forum defendant rule issue, because the plaintiff had no chance of success against the resident defendant and therefore the defendant was fraudulently joined and the court could disregard their citizenship).

8

The Court need not resolve the application of the fraudulent joinder doctrine in the instant case, however, because even if the doctrine were to apply and Defendants Barrington, Forth Group, and Broad Shoulders were fraudulently joined, the Court would still find removal was improper because the remaining defendants—the Association Defendants and Madison—are also citizens of Illinois. In other words, setting aside the allegedly fraudulently joined defendants, there would still be four defendants who are citizens of the forum state, triggering the forum defendant rule and barring removal. The Association Defendants attempt to circumvent this issue by arguing that the remaining defendants should all be realigned as plaintiffs with Aspen as the defendant. But the Court finds there is no basis for engaging in these jurisdictional gymnastics.

To support its realignment argument, the Association Defendants point to *American Motorists Insurance Co. v. Trane Co*., 657 F.2d 146 (7th Cir. 1981), in which the Seventh Circuit explained that in diversity cases, a court "may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation." *Id* at 149. While the Association Defendants argument is far from clear, the crux of their position seems to be that the normal alignment of the parties in an insurance coverage declaratory judgment action is that the insurer should be on one side of the case, and the insured party and injured party should be on the other. (Dkt. 21 at 4.). The Association Defendants go on to suggest that this principal supports alignment of the Association Defendants and Madison as plaintiffs and Aspen as the defendant. *Id.*

But there are several immediate and obvious issues with the Association Defendants' realignment argument. First, as Aspen points out, the parties are already aligned in exactly the manner that the Association Defendants argue is the "norm": the insurer, Aspen, is on one side, and the insureds and injured party, the Association Defendants and Madison, respectively, are on

the other. (Dkt. 25 at 3.) There is thus no realignment necessary to bring the case in line with the "normal alignment" for insurance coverage declaratory judgment actions. Second, a closer examination of *American Motorists* reveals that it does not support realignment in the manner that the Association Defendants suggest. The Seventh Circuit stated that "[r]ealignment is proper" *only* "where there is no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit." *American Motorists*, 657 F.2d at 149. In other words, the realignment inquiry asks whether the parties across the lawsuit have an actual conflict such that they should be on opposite sides. If not, it may be appropriate to realign certain parties on the same side. For example, in *American Motorists*, the Seventh Circuit found that the district court erred in realigning a defendant-insurer as a plaintiff alongside the original plaintiff-insurer, because although both insurers had a mutual interest in avoiding liability to the insured (who was a defendant), there was still a substantial controversy between the two insurers, given that a ruling for one could make the other solely liable to the insured. *Id.* at 150-151. There was thus no basis to realign the defendant-insurer as a plaintiff alongside the other insurer. *Id.*

Here, the Association Defendants do not contend that only some parties should be realigned based on a lack of a substantial conflict between them. Rather, they appear to ask the Court to simply flip all the parties across the lawsuit and make the Association Defendants and Madison the plaintiffs, and Aspen the defendant, so that the forum defendant rule is not implicated. *American Motorists* does not support using realignment in this matter, however, and the Court has not identified any authority supporting this approach, nor have the Associated Defendants cited to any.[7] *American Motorists* is clear that realignment of parties is only permitted when there is "no

---

[7] The Association Defendants cite a number of cases from the Seventh Circuit and other circuits supporting the use of realignment in the context of diversity jurisdiction cases. (*See* Dkt. 21 at 4, 6-8.) But those cases simply support the general proposition that the injured party and insured in a declaratory judgment action may generally be aligned on the same side of a suit with the insurer on the other—an alignment that already exists in this case.

actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit." Here there is an obvious, substantial conflict between Aspen on the one side and the Association Defendants and Madison on the other. Thus realignment is improper.[8]

For whatever reason, the Association Defendants plainly would prefer to litigate this case in federal court. And had they initiated this lawsuit first as plaintiffs against Aspen as a defendant, perhaps they would have been able to, given the complete diversity between the parties. But they did not. Aspen filed this suit and Mirov, Hamilton, and Aberdeen were named as defendants. The removal statute does not allow defendants to remove each and every case that could have been brought in federal court, but rather it carves out an exception for those cases based on diversity jurisdiction where one defendant is a resident of the state where the action was brought. This exception reflects the removal statute's goal of protecting out-of-state defendants from defending themselves in a state court to which they have no connection based on the perception, right or wrong, that the state court may be prejudiced to such out-of-state defendants. *See, e.g. Hurley*, 222 F.3d at 380. The forum defendant rule makes perfect sense against that backdrop—a defendant sued in state court in their home state does not have the same concerns of prejudice as an out-of-state defendant sued in a "foreign" court. *See id.* To accept the Association Defendants' arguments here that they may remove this case and be realigned as plaintiffs would undermine these principals and plaintiff Aspen's choice of forum and amount to an end run around the plain statutory

---

[8] The Court acknowledges that the Association Defendants' realignment argument appears to have been contingent in large part on the Court granting their motion to dismiss Aspen's claims. The Association Defendants argue in their response to the motion to remand that their motion to dismiss should be resolved first, because it raises issues of subject matter jurisdiction, and they go on to note that, if the motion were granted, they would become the effective plaintiffs and Aspen the defendant, as only their counterclaims against Aspen would remain. (Dkt. 21 at 2-3.) In that scenario then, realignment would not involve simply swapping all the parties, but aligning the remaining defendants with the Association Defendants as plaintiffs. But regardless of whether realignment would be proper in those circumstances, the Association Defendants abandoned their motion to dismiss in their reply brief as noted above. Thus any of the Association Defendants' arguments supporting realignment that were dependent on dismissal of Aspen have become moot along with the motion to dismiss. The Court thus need not address whether realignment would have been proper had it granted the motion to dismiss.

requirements for removal.

Ultimately, the Court finds that the Association Defendants various contortions in an attempt to get around the forum defendant rule are unavailing. The Court reiterates that the removal statute is to be interpreted narrowly, and any doubts about removal are to be resolved in favor of remand, given the presumption in favor of plaintiff's choice of forum. Aspen chose to file in state court, and the Association Defendants have provided no authority supporting realignment in the manner they request for the sole purpose of resolving the forum defendant rule issue. The Court thus finds that, given that the Association Defendants and Madison are citizens of Illinois, removal was improper under the forum defendant rule and the case should be remanded to state court.

## C. Aspen's request for fees

Aspen argues that it is entitled to the fees it has incurred as a result of the Association Defendants' improper removal. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 138, (2005). The decision to award costs and fees is within the district court's sound discretion. *Id.* at 137–39. While the Supreme Court did not define the "objectively reasonable" standard, the Seventh Circuit has analogized the term to the "clearly established" standard in the qualified immunity context. *Lott v. Pfizer, Inc*., 492 F.3d 789, 793 (7th Cir. 2007) ("qualified immunity jurisprudence provides appropriate guidance for determining whether a defendant had an objectively reasonable basis for removal."). Thus, as a general rule, "if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should

award a plaintiff his attorneys' fees." *Id.* On the other hand, "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Id.*

Here, the Court finds that clearly established law demonstrated that Defendant Mirov had no basis for removal. The forum defendant rule is well established, and codified both in statute and unequivocal case law. Further, while the application of the fraudulent joinder doctrine to the forum defendant rule in particular may be somewhat unsettled as a general matter, the standard for realignment under *American Motorists* is not. Well-established caselaw demonstrates that realignment is only permitted in the limited circumstances where there is no substantial controversy between parties on opposite ends of a suit, and there was no basis for Defendant Mirov to remove the case on the hope that the Court would stretch that caselaw to mean that resident-Illinois defendants can simply be swapped as plaintiffs in order to defeat the well-established forum defendant rule. Indeed, the Seventh Circuit has held that "removal in the face of a forum defendant rule problem warrants fees under § 1447(c)." *TCF Nat. Bank v. W & A Bldg., LLC*, 10-CV-3096, 2010 WL 4791454, at *2 (N.D. Ill. Nov. 17, 2010) (citing *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009)). In *Wolf,* for example, the district court rejected the removing-defendant's argument that the parties should be realigned to remedy a forum defendant rule issue, and ordered the case remanded, but denied the plaintiff's request for attorney's fees. *See Wolf*, 574 F.3d at 408-11. The Seventh Circuit found that the denial of fees was an abuse of discretion, because the removal and request for realignment were contrary to clearly established Seventh Circuit precedent. *Id.* at 411 ("We agree that at the time of Kennelly's attempted removal the forum defendant rule barred any attempt to remove the case without realigning RCG as a petitioner, and that this circuit's case law foreclosed any attempt to realign RCG."). Here too, the removal and

request for realignment are contrary to clearly established Seventh Circuit law. Fees are thus appropriate.

To the extent the Association Defendants hoped that their motion to dismiss Aspen's claims might provide a basis for realignment and therefore a path around the forum defendant rule, such a position was not based on clearly established law. Setting aside the merits of the motion to dismiss—which are extremely suspect—the Association Defendants have not pointed the Court to any caselaw supporting their position that it is appropriate for a defendant to remove a state court case, seek to dismiss the plaintiff's claim based on a subject matter jurisdiction challenge while leaving their own counterclaims intact, and then use the doctrines of fraudulent joinder and realignment to conveniently realign the other parties in a matter that satisfies federal jurisdiction. Indeed, to go through such procedural machinations just to keep the case in this Court would be to completely reverse the presumptions against removal and in favor of plaintiff's chosen forum. Instead, following the logic of the Association Defendants' position, a defendant could remove a case and realign parties at its pleasure to support keeping its claims in federal court, while forcing plaintiffs to litigate their claims separately in state court. Obviously, such a position is not clearly established.

In sum, the Court finds an award of fees is warranted, as Mirov and the other Association Defendants had no objectively reasonable basis to seek removal. Aspen is awarded its costs and reasonable attorney's fees related to the removal and remand of this case.

### Conclusion

For the foregoing reasons, Aspen's motion to remand is granted, and the Association Defendants' motion to dismiss is denied as moot. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County forthwith. Plaintiff is awarded its costs and reasonable

14

attorney's fees related to the removal and remand of this case. If the parties cannot agree on an appropriate amount, Plaintiff must timely file a motion for costs and attorney's fees in accordance with Local Rule 54.3. See N.D. Ill. L.R. 54.3.

ENTERED:   3/29/23

_____
Nancy L. Maldonado
United States District Court Judge